BURCHINELL ET AL. v. SMIDLE.

FACT CASE—STATUTE OF FRAUDS.

The facts in this case are held to show such a change of possession after a sale of the chattels in controversy as complied with the requirements of the statute of frauds.

*Error to the District Court of Arapahoe County.*

Mr. GEORGE F. DUNKLEE, Mr. O. E. JACKSON, Mr. JOHN T. BOTTOM and Mr. D..I. COON, for plaintiffs in error.

Mr. ENOS MILES, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

This suit is about the title to the fixtures and property of the restaurant known as " Jim's Place," which was in Charpiot's Hotel block on Larimer street. For sometime prior to the 13th of August, 1892, Jennie Sage was the owner of the place and running it as a restaurant. On that date she sold it to the defendant in error, Emma Smidle. The sheriff and the constable then levied divers attachments issued in suits against Mrs. Sage on the property, and took it from Mrs. Smidle's possession, and she brought this suit in replevin to recover the property or its value. The case went to trial, and, when it was concluded, the proper alternative judgment was rendered against the officers who prosecute this error. The whole case turns upon the transaction which makes up

the sale and the delivery of possession. The plaintiff in error relies entirely on our statute of frauds in relation to the sale of goods and chattels, as it has been construed by the supreme court in *Wilcox et al. v. Jackson*, 7 Colo. 526 ; *Bassinger v. Spangler*, 9 Colo. 175 ; *Donovan v. Gathe*, 3 Colo. App. 151.

As we read the record, these decisions are totally inapplicable. It is needless to consider what those cases decide. It is enough to state the facts. The statement will serve to show that the case is not at all within the purview of either the statute or the decisions. On the 13th of August, Mrs. Sage was the owner of the restaurant. On the preceding day, Mrs. Smidle and Mrs. Sage negotiated for the sale and transfer of the property, and discussed the terms. Mrs. Smidle made an offer, which was taken into consideration by the vendor. On the following morning, Mrs. Sage concluded to accept the proposition, and so notified Mrs. Smidle, and thereupon a bill of sale or transfer of the restaurant and its contents was executed by the vendor to the vendee, who immediately paid the purchase price by giving a check for $1,950, and a note for $50.00. The check was paid almost immediately, and the note was ultimately taken care of. On the completion of the transfer, the parties went to the restaurant, and Mrs. Sage gave possession to Mrs. Smidle, notified the help of the sale, and surrendered control of the place. The vendor, Mrs. Sage, went away, leaving Mrs. Smidle in possession. She and her husband then went through the restaurant, gave instructions to the various employees, and, in general, assumed control of the establishment. After all this was done, the officers came, took possession and put the vendee out. These are the facts on which is predicated the claim that there was no such change in possession as the statute contemplates. Manifestly, the contention is not well based. There could have been no other transfer or change of possession, and, at the time of the levies, no other thing could possibly have been done by the parties to effect the transfer which the statute requires. There was no sign to

be changed, for Mrs. Sage's name was not on the restaurant. It had for a long time been known as "Jim's Place," and was known as that both before and after the sale. It is idle to insist because the bills of fare had not been changed that this circumstance is to be regarded as a controlling element in determining whether there was such a notorious and visible transfer of possession as to take the case out of the pale of the statute, because, between the time of the execution of the bill of sale and the coming of the officers, there was no opportunity to prepare and print new bills announcing the change in proprietorship. The only possible question which the creditors could successfully present under the circumstances was that regarding the *bona fides* of the transaction. They were not successful in this particular. There is nothing in the record to show that the sale was not in good faith, for an adequate and valuable consideration, which passed between the parties. No knowledge was brought home to the vendee of an intention on the part of Mrs. Sage to defraud her creditors or misapply the money which she received. In fact, the record is silent as to any knowledge on the part of Mrs. Smidle of the existence of any debts owed by Mrs. Sage, or of any facts which would in any wise charge her with notice or knowledge of an intention on the part of Mrs. Sage to defraud any one or all of her creditors. The transaction appears to have been a *bona fide* affair. Mrs. Smidle paid a good consideration for her purchase, and, under the circumstances, is entitled to maintain her title as against the attaching creditors. Since this is true, the judgment which she obtained must of necessity be affirmed.

*Affirmed.*